**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CIVIL ACTION NO. 6:22-136-DLB**

**LONNIE BERNARD DAVIS,**                                                              **PLAINTIFF**

**v.**            **MEMORANDUM OPINION AND ORDER**

**UNITED STATES OF AMERICA,**                                                          **DEFENDANT**

\*\*\* \*\*\* \*\*\* \*\*\*

Proceeding without an attorney, Lonnie Bernard Davis is a federal inmate currently confined at the Federal Correctional Institution ("FCI")-McDowell located in Welch, West Virginia. Davis has filed a complaint against the Defendant United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2670 *et seq*. ("FTCA"). (Doc. #1).

Although Davis originally filed this action in the United States District Court for the Eastern District of North Carolina, the events giving rise to Davis's complaint occurred while he was confined at FCI-Manchester located within the Eastern District of Kentucky. On April 19, 2022, Davis filed a motion to alter or amend a prior Court Order or, in the alternative, to withdraw a motion for voluntarily dismissal. (Doc. #22). In an Order entered on July 22, 2022, the North Carolina District Court construed Davis's motion as a motion to change venue, granted the motion, and transferred the case to this Court. (Doc. #24).

1

By prior order, the North Carolina District Court granted Davis's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (Doc. #8).  Thus, the Court must conduct a preliminary review of Davis's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.[1] In his complaint, Davis alleges medical negligence related to treatment for his eyes on or around August 1, 2018, as well as treatment for his anxiety and nerves in March 2018. (Doc. #1).  As relief, Davis seeks monetary relief in the amount of $125,000.00.  (Doc. #1 at p. 8).  He seeks to pursue his negligence claims against the United States pursuant to the FTCA, which permits an action against the United States for negligent or intentional acts committed by its employees during the course of their employment.  *See* 28 U.S.C. § 1346(b)(1).

The Court has reviewed the complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A, and concludes that a response is required from the Defendant.  However, as a matter of clarification, although Davis's complaint also makes passing references to "deliberate indifference," he does not allege a constitutional claim against the United States.  Nor could he, as such a claim may only be brought against the offending individual officer pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), not against the United States.  *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001).  Davis does not name any individual officers as defendants and, in fact, makes clear that he seeks monetary relief from the sole Defendant (the United States) pursuant

---

[1] A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997), abrogated on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007).

to the FTCA. (Doc. #1 at p. 8).[2] Thus, the only claims that are pending in this lawsuit are Davis's negligence claims against the United States brought pursuant to the FTCA.

Because the Court has granted Davis *pauper* status, the United States Marshals Service ("USMS") will serve the Defendant with summons and copy of the complaint on his behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

Also pending before the Court are several motions that were pending prior to the transfer of this case from the Eastern District of North Carolina. First, Davis has filed a "Motion for Extension of Time to Perform Service and Petition to Direct Service be through the U.S. Marshals Office." (Doc. #10). However, because the Court has now conducted the initial screening of Davis's complaint and directed the USMS to serve the Defendant on Davis's behalf, this motion will be denied as moot.

Next, Davis has filed a "Declaration for Entry of Default and Motion for Summary Judgment." (Doc. #19). In this motion, Davis refers to a copy of a certified mail receipt that he previously filed in the record (Doc. #12) and claims that he served the complaint on "defendant Mr. Okerly, Contractor (Ophthalmologist)" by mailing a copy of the complaint and summons to the Office of the United States Attorney for the Eastern District of North Carolina via certified restricted mail and that the "defendant" has failed to answer or otherwise respond to his complaint. (Doc. #19). Davis also filed a "letter in support" of this motion in which he requests that the Clerk of the Court enter default. (Doc. #23).

---

[2] While *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 596 (1972), the Court cannot create claims or allegations that the plaintiff has not made. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading.").

However, as noted above, Davis's complaint identifies the United States as the sole Defendant, not any individual. In addition, notwithstanding Davis's statement that he served the Defendant with summons, no summons have been issued in this case. Proper service on a Defendant requires service of both summons *and* a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Finally, Federal Rule of Civil Procedure 4(c)(2) specifically states that service may be made by "[a]ny person who is at least 18 years old *and not a party*." Fed. R. Civ. P. 4(c)(2)(emphasis added). Thus, because Davis is a party to the proceeding, he must use a process server to effect service; he cannot do it himself. *Id.*; *Lee v. George*, No. 3: 11-CV-607-CRS, 2012 WL 1833389, at *3 (W.D. Ky. May 18, 2012) ("Since Lee is a party to the action, his attempt to serve process upon Judge George renders the service improper."). This remains true even when service is attempted by certified mail. *Constien v. United States*, 628 F.3d 1207, 1213-15 (10th Cir. 2010) ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail.") (collecting cases and citing 4B Charles A. Wright & Arthur R. Miller, *Federal Procedure & Practice* § 1106 n.15 (3d ed. 2002)).

For all of these reasons, the Defendant in this case has not been properly served, thus it was under no obligation to file an answer or otherwise respond to Davis's complaint. Thus, because there has been no default, nor is Davis otherwise entitled to judgment in his favor, his motion and letter requesting the entry of default will be denied.

Finally, Davis previously filed a "Motion to Voluntary Dismissal (*sic*) of Complaint and Retract any Obligation Prior to Response from Respondent Alternative Motion of No Further PLRA Obligation due to Voluntary Dismissal with Return of Collected Filing Fee." (Doc. #20). In this motion, Davis moved to voluntarily dismiss this case, requested the

return of his payment of the filing fee that has been collected thus far, and sought an Order relieving him of any further obligation to pay the filing fee. (*Id.*). In response to this motion, the District Court in North Carolina entered an Order concluding that, notwithstanding any voluntary dismissal of his claims, Davis is not entitled to any reimbursement of his filing fee, nor will he be relieved of his obligations to pay the full filing fee in installments, which is a debt that he incurred by filing the lawsuit. (Doc. #21). In light of this finding, the Court provided Davis with an opportunity to withdraw his motion for voluntary dismissal. (*Id.*).

In response to this Order, Davis filed a "Rule 59(e) Motion to Alter or Amend Judgment and Alternatively Withdraw Motion for Voluntary Dismissal." (Doc. #22). While Davis's arguments in this motion are not entirely clear, he appears to request that the Court vacate the Order denying his request for return of the filing fee and permit him to re-file his case in Kentucky or, as an alternative, withdraw his motion for voluntary dismissal. (Doc. #22). The North Carolina District Court construed this motion as a motion to change venue, granted the motion, and transferred the case to this judicial district. (Doc. #24). However, neither of Davis's motions were terminated for administrative purposes, but were instead transferred to this Court.

As an initial matter, to the extent that Davis's "Motion to Voluntary Dismissal (*sic*) of Complaint and Retract any Obligation Prior to Response from Respondent Alternative Motion of No Further PLRA Obligation due to Voluntary Dismissal with Return of Collected Filing Fee" (Doc. #20) requests permission to voluntarily dismiss his complaint, the North Carolina District Court already granted Davis's request to withdraw this request. (Doc. #24). In addition, to the extent that Davis's motion requests relief from his obligation to

5

pay the full filing fee, the North Carolina District Court previously denied this request. (Doc. #21). Because the North Carolina District Court has already ruled on Davis's motion, it will be denied as moot.

Turning to Davis's "Rule 59(e) Motion to Alter or Amend Judgment and Alternatively Withdraw Motion for Voluntary Dismissal" (Doc. #22), this motion appears to request reconsideration of the North Carolina District Court's finding that Davis is not entitled to the return of his filing fee. A court may grant relief under Rule 59(e) of the Federal Rules of Civil Procedure only to (1) correct a clear error of law; (2) account for newly discovered evidence; (3) accommodate an intervening change in controlling law; or (4) prevent a manifest injustice. *American Civil Liberties Union of Ky. v. McCreary Co., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010); *Besser v. Sepanek*, 478 F. App'x 1001, 1001-02 (6th Cir. 2012).

None of these circumstances are present here. Rather, as correctly determined by the North Carolina District Court, a filing fee is incurred for *filing* a case. The "dismissal of a complaint or an appeal does not eliminate a prisoner's obligation to pay the required filing fees. Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed. Any subsequent dismissal of the case does not negate this financial responsibility." *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (citation omitted), abrogated on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007). Thus, Davis is not entitled to relief from the Court's ruling pursuant to Rule 59(e).

Moreover, to the extent that Davis alternatively requests that the Court permit him to withdraw his motion to voluntarily dismiss his case, this relief has already been granted

6

by the North Carolina District Court. Thus, any further request for relief is moot. For these reasons, Davis's motion for reconsideration will be denied.

Accordingly, it is hereby **ORDERED** as follows:

1. Davis's "Motion for Extension of Time to Perform Service and Petition to Direct Service be through the U.S. Marshals Office" (Doc. #10) is **DENIED AS MOOT**;

2. Davis's "Declaration for Entry of Default and Motion for Summary Judgment" (Doc. #19) and his "letter in support" requesting entry of default (Doc. # 23) are **DENIED**;

3. Davis's "Motion to Voluntary Dismissal (*sic*) of Complaint and Retract any Obligation Prior to Response from Respondent Alternative Motion of No Further PLRA Obligation due to Voluntary Dismissal with Return of Collected Filing Fee" (Doc. #20) is **DENIED AS MOOT**;

4. Davis's "Rule 59(e) Motion to Alter or Amend Judgment and Alternatively Withdraw Motion for Voluntary Dismissal" (Doc. #22) is **DENIED**;

5. The Deputy Clerk shall prepare a "Service Packet" for service upon the United States of America. The Service Packet shall include:

    a.   a completed summons form;

    b.   the complaint (Doc. #1);

    c.   the Order granting Plaintiff *in forma pauperis* status (Doc. #8);

    d.   this Order; and

    e.   a completed USM Form 285.

6.  The Deputy Clerk shall deliver the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery in the docket;

7.  The USMS shall serve the United States of America by sending a Service Packet by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky; and the Office of the Attorney General of the United States in Washington, D.C.;

8.  Davis must immediately advise the Clerk's Office of any change in his current mailing address.  **Failure to do so may result in dismissal of this case**; and

9.  If Davis wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office.  Every motion Davis files must include a written certification that he has mailed a copy of it to the Defendant or its counsel and state the date of mailing.  **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

This 15th day of August, 2022.



Signed By:
*David L. Bunning*
**United States District Judge**