UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

**CIVIL ACTION NO. 22-136-DLB**

**LONNIE BERNARD DAVIS**                                                                         **PLAINTIFF**

**v.**                          **MEMORANDUM OPINION AND ORDER**

**UNITED STATES OF AMERICA**                                   **DEFENDANT**

*** *** *** ***

This matter is before the Court for consideration of a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment filed by Defendant, the United States of America. (Doc. # 35). Plaintiff Lonnie Bernard Davis has not filed a response and the time for doing so has expired. (*See* Doc. # 36). Thus, this matter is ripe for review.

**I.**

Proceeding without counsel, Davis previously filed a Complaint in the United States District Court for the Eastern District of North Carolina seeking relief under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 ("FTCA") (Doc. # 1). However, because Davis's Complaint related to events that allegedly occurred while Davis was incarcerated at the Federal Correctional Institution ("FCI")-Manchester located in Manchester, Kentucky, the case was transferred to this Court. (Doc. # 24).

In his Complaint, Davis alleges medical negligence related to treatment for his eyes on or around August 1, 2018, as well as treatment for his anxiety and nerves in March 2018. (Doc. # 1 at 5). Specifically, Davis alleges that, on August 1, 2018, he underwent an optometry examination by Dr. Overly (identified as the Optometrist for FCI-

1

Manchester) for an "eye glass fitting." He states that, during the fitting, Dr. Overly administered eyedrops that he stated were required for the fitting, which caused Davis's eyes to burn "much too severely" and that his eyes were irritable for several days. (*Id*.). Davis claims that he was later told that he could have refused treatment and still been fitted for eyeglasses, although it was also explained that Dr. Overly cannot detect most eye diseases without dilation using the drops. (*Id*. at 5-6).

Davis also alleges that, on March 28, 2018, he signed up for sick call for "mental and neuro-type ailments." (*Id*. at 7). However, he "received no treatment so inadequate that it was like receiving none at all." (*Id*.). He states that he explained that he had previously experienced anxiety attacks with severe trembles while he was incarcerated at USP-Pollock and that he had been assaulted at USP-Canaan in 2016, which led to anti-social behavior. (*Id*.). He states that he inquired about a "single cell profile where I could attempt to get myself together for my nerves is concern," but "[t]he results were adverse consequences from the lack of provision for treatment from this 3/28/18 sick call and the referrals that followed." (*Id*.). He alleges that this "disregard for request for treatment" caused mental anguish, which "compounded my conditions of suffering" and alleges that the denial of treatment was medical malpractice. (*Id*.).

Based on these allegations, Davis brings claims of medical malpractice against the United States and seeks monetary damages in the amount of $125,000.00. (Doc. # 1 at 8).[1] He seeks to pursue his negligence claims against the United States

---

[1] Although Davis's Complaint also makes passing references to "deliberate indifference," the Court previously concluded that, despite these references:

> [Davis] does not allege a constitutional claim against the United States. Nor could he, as such a claim may only be brought against the offending individual officer

2

pursuant to the FTCA, which permits an action against the United States for negligent or intentional acts committed by its employees during the course of their employment. *See* 28 U.S.C. § 1346(b)(1).

In response, Defendant has filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Doc. # 35). In its Motion, Defendant first argues that Davis's claim regarding the treatment of his mental health conditions is barred by the applicable statute of limitations. (Doc. # 35-1 at 6-7). Defendant further argues that, with respect to Davis's claim related to the treatment of his eyes, the United States is not liable for the acts of an independent contractor, such as Dr. Overly. (*Id*. at 7-9). In addition, with respect to both of Davis's FTCA claims, Defendant argues that Davis has not pled sufficient factual allegations to maintain a medical malpractice claim under Kentucky law, thus his claims must be dismissed. (*Id*. at 9-10). Finally, Defendant argues that Davis's FTCA claims must be dismissed because he has failed to meet the FTCA's "physical injury" requirement. (*Id*. at 10-11).

## II.

Before addressing the merits of Defendant's motion, the Court notes that, in its October 25, 2022 Order directing Davis to respond to Defendant's Motion, the Court specifically warned Davis that, should he fail to file a response by the deadline provided

---

pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), not against the United States. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001). Davis does not name any individual officers as defendants and, in fact, makes clear that he seeks monetary relief from the sole Defendant (the United States) pursuant to the FTCA. (Doc. #1 at 8). Thus, the only claims that are pending in this lawsuit are Davis's negligence claims against the United States brought pursuant to the FTCA.

(Doc. # 30 at 2-3).

by the Order, the Court may dismiss his case for failure to prosecute, or grant Defendant's motion for any reason adequately supported by the record.  See Fed. R. Civ. P. 41(b); *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).  (Doc. # 36).  Davis did not file a response to Defendant's motion, despite this specific warning that his failure to do so may result in the dismissal of his case for failure to prosecute.  Dismissal is generally warranted where the party fails to act in the face of a clear prior warning that the case would be dismissed.  *Bowles v. City of Cleveland*, 129 F. App'x 239, 244 (6th Cir. 2005).  Thus, Davis's failure to file a response alone warrants dismissal of his Complaint.

Even so, in the interest of completeness and finality, the Court will also consider the substantive arguments set forth by Defendant in its dispositive motion.  Defendant moves to dismiss Davis's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) for lack of subject matter jurisdiction and for failure to state a claim.  To the extent that Defendant challenges this Court's subject matter jurisdiction, where a party contends that the factual allegations of a complaint, even if assumed to be true, fail to establish the court's subject-matter jurisdiction over the plaintiff's claims, that party presents a facial attack upon the court's jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  *Am. Telecom Co., LLC v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007); *Gentek Bldg. Prods. v. Sherwin–Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).  A district court assesses the validity of such a motion using the same approach used to evaluate a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Global Technology, Inc. v. Yubei (XinXiang) Power Steering System Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015) (citing *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012)).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When addressing a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all "well-pleaded facts" in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Because Davis is proceeding without the benefit of an attorney, the Court reads his Complaint to include all fairly and reasonably inferred claims. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Here, Defendant moved both to dismiss and for summary judgment, attaching and relying upon declarations extrinsic to the pleadings in support of its motion. (Docs. # 35-2 and 35-3). Thus, the Court will treat Defendant's motion to dismiss as a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F. 3d 1102, 1104 (6th Cir. 2010); *see also Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (where defendant moves both to dismiss and for summary judgment, plaintiff is on notice that summary judgment is being requested, and the court's consideration as such is appropriate where the nonmovant submits documents and affidavits in opposition to summary judgment).

A motion under Rule 56 challenges the viability of another party's claim by asserting that at least one essential element of that claim is not supported by legally-sufficient evidence. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). A party moving for summary judgment must establish that, even viewing the record in the light most favorable to the nonmovant, there is no genuine dispute as to any material fact and that the party is entitled to a judgment as a matter of law. *Loyd v. St.*

5

*Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014).  The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy,* 39 F.3d 1339, 1347 (6th Cir. 1994).  However, if the responding party's allegations are so clearly contradicted by the record that no reasonable jury could adopt them, the court need not accept them when determining whether summary judgment is warranted.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  The Court must grant summary judgment if the evidence would not support a jury verdict for the responding party with respect to at least one essential element of his claim.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

### III.

#### A.     Davis's Claim Related to the Treatment of his Mental Health

As noted herein, Davis's Complaint seeks to recover based on allegations of negligence related to the treatment of his mental health in March 2018 and the treatment of eyes in August 2018.  (Doc. # 1 at 5-7).  Defendants argue that Davis's claims regarding the treatment of his mental health conditions is barred by the applicable statute of limitations, thus it must be dismissed.

Davis brings his medical negligence claims seeking recovery against the United States pursuant to the FTCA.  The FTCA is a limited waiver of sovereign immunity which permits an action against the United States for negligent or wrongful acts or omissions of its employees while acting within the scope of their employment.  *See* 28 U.S.C. § 1346(b)(1); *see also Fitch v. United States,* 513 F.2d 1013, 1015 (6th Cir.1975); *United States v. Orleans,* 425 U.S. 807, 813 (1975).  The FTCA is the exclusive remedy for tort

actions against the federal government, its agencies, and its employees.  28 U.S.C. § 2679.

However, the FTCA permits the exercise of subject matter jurisdiction over a claim only if it has already been presented to the agency for administrative settlement and the agency has denied the request.  28 U.S.C. § 2675(a); *Myers v. United States*, 526 F.3d 303, 305 (6th Cir. 2008).  In addition, the FTCA contains its own statute of limitations, which provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency *within two years after such claim accrues* or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b) (emphasis added).  To maintain a suit under the FTCA, a plaintiff must meet both of these requirements.  *See Ellison v. United States*, 531 F.3d 359, 362 (6th Cir. 2008) (Section 2401 "plainly contemplates that one act (the administrative filing) will precede the other (court filing) and thus most naturally requires claimants to satisfy both deadlines.").

Under the FTCA, a claim accrues "when a plaintiff knows of both the existence and the cause of his injury, and not at a later time when he also knows that the acts inflicting the injury may constitute negligence or medical malpractice."  *Chomic v. United States*, 377 F.3d 607, 610 (6th Cir. 2004) (*citing United States v. Kubrick*, 444 U.S. 111, 123 (1979)).  With respect to Davis's medical negligence claim related to the lack of treatment for his anxiety and nerves, Davis specifically alleges in his Complaint that he was denied treatment for his mental health conditions on March 28, 2018.  (Doc. # 1 at 7).  This is consistent with the date that he identifies that he was denied treatment for his "mental

anguish" in the Form SF-95, *Claim for Injury, Damage, or Death*, that he filed with the Bureau of Prisons ("BOP") related to his claim. (Doc. # 35-2 at 6).

Accordingly, Davis's claim accrued on March 28, 2018, as this is the date that he alleges that he was aware that he sought treatment and was denied. Thus, under § 2401(b), Davis had two years from March 28, 2018 (or until approximately March 28, 2020) within which to present his claim in writing to the appropriate Federal Agency (here, the BOP). However, Davis did not sign his Form SF-05 until April 30, 2021, and he did not officially file it until May 4, 2021, the day after he filed his Complaint. (*Id*.). Thus, Davis missed the deadline to submit his claim by over a year and, pursuant to § 2401(b), his claim is "forever barred." *See* 28 U.S.C. § 2401(b).

For these reasons, Davis's medical negligence claims related to his mental health are untimely and will be dismissed.

### B. Davis's Claim Related to his Eye Treatment

Davis's claim regarding his eye treatment relates to his allegations that, during the August 1, 2018 optometry examination by Dr. Overly, Dr. Overly administered eyedrops which caused Davis's eyes to burn "much too severely" and that his eyes were irritable for several days. (Doc. # 1 at 5-6). According to Davis, Dr. Overly indicated that the eyedrops were required for the examination, but Davis was later told that he could have refused treatment and still been fitted for eyeglasses. (*Id*.).

Defendant argues that Davis's FTCA claim alleging medical negligence related to his eye treatment must be dismissed because the United States is not liable for the acts of independent contracts, such as Dr. Overly. The FTCA's limited waiver of sovereign immunity covers only claims for injuries "caused by the negligent or wrongful act or

omission of *any employee of the Government* while acting within the scope of his office or employment." See 28 U.S.C. § 1346(b) (emphasis added). While 28 U.S.C. § 2671 defines "employee of the government" to include officers or employees of any federal agency (such as the BOP), Section 2671 expressly excludes "any contractor with the United States" from the definition of "federal agency." 28 U.S.C. § 2671. Thus, the FTCA's waiver of the United States' sovereign immunity does not apply to claims alleging negligence or wrongful conduct by a contractor with the United States. *See United States v. Orleans,* 425 U.S. 807, 814 (1975) ("Since the United States can be sued only to the extent that it has waived its immunity, due regard must be given to the exceptions, including the independent contractor exception, to such waiver.") (citation omitted); *Logue v. United States,* 412 U.S. 521, 527 (1973); *Berrien v. United States*, 711 F.3d 654, 658 (6th Cir. 2013) (the contractor exception precludes FTCA liability for any negligence by contractors with the United States).

"A critical element in distinguishing an agency from a contractor is the power of the Federal Government 'to control the detailed physical performance of the contractor.'" *Orleans*, 425 U.S. at 814 (quoting *Logue*, 412 U.S. at 528)). "Courts have generally applied these principles to private physicians working under contractual relationships with government owned facilities to conclude that these physicians are independent contractors, not government employees." *Davis v. United States*, No. CIV. 08-184-ART, 2009 WL 1360658, at *5 (E.D. Ky. May 13, 2009) (collecting cases).

According to Defendant, Dr. Overly's services as an Optometrist are rendered to inmates at FCI-Manchester pursuant to a contract with Seven Corners, Inc. (Docs. # 35-1 and 35-2 at 7-9). This contract contains the following provisions:

9

> It is expressly agreed and understood that this is a nonpersonal services contract, as defined in Federal Acquisition Regulation (FAR) 37.101, under which the professional services professional services rendered by the Contractor are rendered in its capacity as an independent contractor. The Government may evaluate the quality of professional and administrative services provided, but retains no control over professional aspects of the services rendered, including by example, the Contractor's professional medical judgment, diagnosis, or specific medical treatments.
>
> Award of this contract will result in a contractual arrangement only and shall not be construed as a personnel appointment with the BOP. The services shall not constitute an employer/employee relationship…The Contractor will not be subject to Government supervision but its efforts will be monitored for quality assurance.
>
> [T]he resulting contract shall be a non-personal health care services contract, under which the Contractor is an independent Contractor. The Government may evaluate the quality of professional and administrative services provided, but retains no control over the medical, professional aspects of services rendered (e.g., professional judgments, diagnosis for specific medical treatment).

(Doc. # 35-2 at 7-8).

Thus, the terms of the contract pursuant to which Dr. Overly rendered services are clear that Dr. Overly is an independent contractor over whom the Government retained no control over the professional aspects of his services rendered. Because Davis failed to respond to Defendant's Motion, he offers no reason why the "contractor exception" does not apply. The Sixth Circuit has made clear that "a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment." *Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) (collecting cases); *see also Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992) (a non-moving party's burden to respond to a motion for summary judgment "is really an opportunity to assist the court in understanding the facts. But if the non-moving party fails to discharge that burden—for example, by remaining silent—its opportunity is

waived and its case wagered."). The Court has an obligation to liberally construe pleadings filed by a person proceeding without counsel, but it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation.").

For these reasons, the Court concludes that the "independent contractor" exception applies to Davis's FTCA claim alleging medical negligence by Dr. Overly. Thus, this claim will be dismissed.

## IV.

In conclusion, the Court finds that Davis's FTCA claim alleging negligence related to the treatment of his mental health conditions is barred by the applicable statute of limitations. The Court further finds that Davis's FTCA claim related to Dr. Overly's treatment of Davis's eyes falls within the "independent contractor" exception to the United States' limited waiver of sovereign immunity under the FTCA, thus the United States is shielded from liability for this claim. Because the Court finds that dismissal of Davis's Complaint is warranted on these grounds, it declines to address Defendants' additional arguments that Davis has failed to adequately plead a medical malpractice claim under Kentucky law and that Davis's alleged injuries are insufficient to meet the FTCA's "physical injury" requirement. (*Id*. at 10-11).

Accordingly, Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. # 35) will be **granted** and Davis's Complaint (Doc. #1) will be **dismissed with prejudice**.

Accordingly, it is hereby **ORDERED** as follows:

(1) Defendant's motion to dismiss or, in the alternative, for summary judgment (Doc. # 35) is **GRANTED**;

(2) Plaintiff's Complaint (Doc. # 1) is **DISMISSED WITH PREJUDICE**;

(3) Any pending requests for relief are **DENIED AS MOOT**;

(4) The Court will enter a judgment contemporaneously with this order; and

(5) This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 6th day of June, 2023.

Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\PSO Orders\Davis 22-136 Memorandum.docx